**08 CV 4207**

JUDGE SULLIVAN

Haluk Savci, Esq.
Mason Tender District Council of
Greater NY
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND

and

ROBERT BONANZA, as Business Manager
of the MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK,
        Plaintiffs,

-against-

NEW AMERICAN RESTORATION, INC.
        Defendant.
-------------------------------------------------------------------x

RECEIVED MAY 0 2 2008 U.S.D.C. S.D. N.Y. CASHIERS

**Complaint**
Civil Action
No. –

ECF CASE

    The TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND (hereinafter "the MTDC Fringe Benefit Funds" or "the Funds"), with their principal place of business at 520 Eight Avenue, Suite 600, New York, New York 10018, and ROBERT BONANZA, as Business Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK (hereinafter referred to as the "Union" or "the MTDC") with their principal place of business at 520 Eight Avenue, Suite 650, New York, New York 10018, by and through their undersigned counsel, for their complaint against NEW AMERICAN

RESTORATION, INC. ("New American"), with its principal place of business at 22 California Avenue, Paterson, NJ 07503, allege as follows:

## INTRODUCTION

1.  This is an action to confirm an arbitration award issued pursuant to arbitration procedures adopted by the trustees of employee fringe benefit funds regarding the collection of contributions from delinquent participating employers. The action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 9, for monetary and injunctive relief. This action arises from the failure of the defendant, New American, to comply with an arbitration award and failure to make contributions to the MTDC Fringe Benefit Funds as required by ERISA, the applicable collective bargaining agreement ("CBA") between New American and the Union, the Amended and Restated Agreements and Declarations of Trust governing the Plans, and the Arbitration Procedures thereto.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502(a)(3), (e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1145; and Section 9 of the Arbitration Act, 9 U.S.C. § 9.

3.  Venue lies in this district pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Company transacts business in this judicial district and because the plaintiffs maintain their office in this judicial district. Venue also lies in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district, including the arbitration hearing.

## STATEMENT OF FACTS

### The Parties

4. Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1)). The purpose of the Funds, among other things, is to provide fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their principal place of business at 520 8th Avenue, New York, NY 10018. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018.

5. Plaintiff Robert Bonanza is the Business Manager of the union and brings this action for dues and contributions in his representative capacity pursuant to Section 12 of the General Associations Law of the State of New York.

6. Upon information and belief, New American is, and at all times relevant to this action, has been, a corporation organized and existing under the laws of the State of New Jersey. It maintains its principal place of business at 22 California Avenue, Paterson, NJ 075034818. At all times relevant to this action, New American was an "employer" within the meaning of Section 101(2) of the LMRA, 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7. The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and 1145.

8. The Funds are third-party beneficiaries of the collective bargaining agreements between New American and the MTDC that require contributions to be made to the Plans.

## THE COLLECTIVE BARGAINING AGREEMENT

9. New American is a party to CBAs with the Mason Tenders District Council effective from June 1, 2000 through November 30, 2003 and December 1, 2003 through November 30, 2007 which, according to their terms, renewed annually unless otherwise terminated.

10. The CBA establishes the terms and conditions of employment for all bargaining unit employees at New American.

11. The CBA requires New American to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBA are also designated as the authorized collection agent for the Mason Tenders District

Council and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

12. The CBA requires the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

13. The CBA permits the Trustees of the Plans to take any legal action for the purpose of collecting the delinquency form the employer.

14. The CBA further provides that in the event legal action is taken, the Employer is responsible for:

    a. unpaid contributions;

    b. interest on unpaid contributions determined by using the rate prescribed under section 6621 of Tile 26 of the United States Code;

    c. an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

    d. reasonable attorneys' fees and costs of the action;

    e. such other legal or equitable relief as the court deems appropriate.

15. The CBA further provides that the Employer agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

## THE TRUST AGREEMENTS

16. New American is an "Employer" as defined by the Trust Agreements. New American is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require

that participating employers, such as New American, pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

17. The Trust Agreement further provides the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

18. In addition, pursuant to the Trust agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

19. Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

## THE ARBITRATION AND AWARD

20. On January 12, 2007, the Funds and MTDC forwarded New American a demand and intent to conduct an arbitration before Arbitrator Robert Herzog for delinquent fringe benefit contributions and other contributions owed for the period April 1, 2006 through August 31, 2006. Arbitrator Herzog subsequently gave notice to the Funds and New American he would conduct a hearing to adjudicate the matter on February 8, 2007.

21. The hearing was duly conducted on February 8, 2007. Mike Hadzic, New American's principal officer, appeared on behalf of New American. At that time, the Funds amended their

notice of arbitration to also include a demand for payment of benefit and other payments due to the Funds by New American as found by an audit of New American's books and records for the period January 1, 2003 to December 26, 2004. The matter was adjourned and noticed for hearing before Arbitrator Herzog for May 1, 2007. On May 1, 2007, New American's project manager Goran Lazarevic appeared on behalf of New American at the hearing. The Funds presented evidence of delinquent amounts owed by New American for the periods January 1, 2003 through December 26, 2004 and April 1, 2006 through August 31, 2004. After hearing all evidence presented, the Arbitrator forwarded to the parties on May 4, 2007 an Opinion and Award.

22. Arbitrator Herzog's Opinion and Award found in favor of the Plaintiffs, awarding $73,421.86 plus accured interest to the Funds as follows:

| | |
|---|---|
| Principal due (1/1/03-12/26/04) | $27,415.20 |
| ERISA damages (1/1/03-12/26/04) | $5,483.04 |
| Dues and PAC due (1/1/03-12/26/04) | $5,270.90 |
| Principal due (4/1/06-8/31/06) | $17,521.20 |
| ERISA Damages (4/1/06 – 8/31/06) | $3,504.20 |
| Dues and PAC (4/1/06 – 8/31/06) | $2,637.60 |
| Audit Costs | $8,189.72 |
| Legal Costs and Fees | $2,000.00 |
| Arbitration Costs | $1,400.00 |
| Total | $73,421.86 |

The Arbitrator further ruled the Funds retains to right to seek from New American any further Fund contributions, dues, and PAC contributions, and any other relief to which the Funds may be entitled, as a result of any future audit or from recognized informational records."

23. Following the issuance of the Opinion and Award, the Funds made a demand for payment on New American. No payments were made towards the Award.

## FIRST CAUSE OF ACTION

24. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 23 above. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides, in relevant part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration…then at any time within one year after the award is made any party to the arbitration may apply to the court…for an order confirming the award."

25. Plaintiffs have demanded payment of the sums found to be due under the May 4, 2007 Opinion and Award, and New American has failed to pay any amount of the Award totaling $73,421.86 plus interest .

26. Plaintiffs now timely seek to confirm the Award, and to render the Award a judgment because of the Company's failure to make full payment directed by the Award.

## SECOND CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 26 above.

27. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement…[to] make such contributions in accordance with the terms and conditions of such plan or such agreement".

28. Section 502(g)(2) of ERISA, 29 U.S.C. §1132, requires that in any action by a fiduciary to enforce Section 515 of ERISA in which judgment is awarded in favor of the plan, "the court shall award the plan-

    a.    the unpaid contributions;

   b.   interest on the unpaid contributions;

   c.   an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent…of the amount determined by the court under subparagraph (a);

   d.   reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

   e.   such other legal or equitable relief as the court deems appropriate."

29. Defendants' failure to remit contributions to the Funds for the periods January 1, 2003 through December 26, 2004 and April 1, 2006 through August 31, 2006 as well as Defendants' failure to pay interest, liquidated damages, attorneys' fees and costs and the arbitrator's fee constitutes a breach of the terms of the CBA and the Plans' Trust Agreements and a violation of Section 515 of ERISA.

30. As a result of this failure, Defendants' owe the Plaintiffs $73,421.86 plus accrued interest for unpaid contributions, interest, liquidated damages, attorneys' fees and costs and the arbitrator's fees, plus accrued interest.

THIRD CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 30 above, as though set forth in full herein.

31. By failing to abide by the terms of the Award, Defendant New American failed to assume its obligations under the labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

32. As a result of this failure, Defendant New American is liable to the Plaintiffs under the Arbitration Award and Plaintiff seeks timely confirmation and enforcement of the Arbitration Award for unpaid contributions, interest, liquidated damages, attorneys fees and costs and the arbitrator's fees, plus accruing interest on the total award amount.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court enter a judgment:

a. Declaring that Defendant is required to pay the Plaintiffs the unpaid benefit fund and other contributions for the period January 1, 2003 through December 26, 2004 and April 1, 2006 through August 31, 2006 interest on such unpaid contributions, and reasonable attorney's fees and other costs incurred in this action; and

b. Confirming and entering judgment upon the Award of Arbitrator Robert Herzog, forwarded May 4, 2007, in all respects; and

c. Ordering Defendants to pay the Plaintiffs the unpaid benefit fund contributions for the periods January 1, 2003 through December 26, 2004 and April 1, 2006 through August 31, 2006, interest on the unpaid contributions, reasonable attorney's fees and other costs incurred in this action as the CBA, the Plans' Trust Agreements and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) and Arbitrator Herzog's Award require; and

d. Granting such other further legal and equitable relief as this Court may deem just and proper

Dated: April 30, 2008

By: _____

Haluk Savci, Esq.(HS-0853)
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org

Attorney for the Plaintiffs